UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
CHARLES LINTZ, Individually and On : Civil Action No. 1:08-cv-03536-WHP
Behalf of All Others Similarly Situated, :
                                        : <u>CLASS ACTION</u>
            Plaintiff,                  :
                                        :
    vs.                                 :
                                        :
AGRIA CORPORATION, et al.,              :
                                        :
            Defendants.                 :
---------------------------------------------------------------
JOSHUA R. LeBLANC, Individually and On  : Civil Action No. 1:08-cv-03886-WHP
Behalf of All Others Similarly Situated, :
                                        : <u>CLASS ACTION</u>
            Plaintiff,                  :
                                        :
    vs.                                 :
                                        :
AGRIA CORPORATION, et al.,              :
                                        :
            Defendants.                 :
---------------------------------------------------------------
SANDY LODERMEIER, Individually and On   : Civil Action No. 1:08-cv-04456-UA
Behalf of All Others Similarly Situated, :
                                        : <u>CLASS ACTION</u>
            Plaintiff,                  :
                                        :
    vs.                                 :
                                        :
AGRIA CORPORATION, et al.,              :
                                        :
            Defendants.                 :
---------------------------------------------------------------x

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NIJAT TONYAZ'S
MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...............................................................................................................1

II. FACTUAL BACKGROUND...............................................................................................1

III. ARGUMENT .......................................................................................................................4

    A. Mr. Tonyaz Is the "Most Adequate Plaintiff"............................................................4

        1. Mr. Tonyaz Has the Largest Financial Interest in the Relief Sought by the Class ...................................................................................................5

        2. Mr. Tonyaz Otherwise Satisfies Rule 23 ......................................................5

    B. The Related Actions Should Be Consolidated............................................................6

    C. The Court Should Approve Mr. Tonyaz's Selection of Coughlin Stoia and Holzer Holzer as Co-Lead Counsel ...........................................................................7

IV. CONCLUSION....................................................................................................................7

**I.    INTRODUCTION**

This is a putative federal securities class action on behalf of a class consisting of all persons, other than defendants, who purchased the American Depository Receipts ("ADRs") of Agria Corporation ("Agria" or the "Company") pursuant and/or traceable to the Company's initial public offering on or about November 6, 2007 (the "IPO" or the "Offering"). The claims arise under and pursuant to §§11, 12(2) and 15 of the Securities Act of 1933, as amended (the "Securities Act"), 15 U.S.C. §§77k, 77l and 77o. Nijat Tonyaz submits this memorandum of law in support of his motion for entry of an order consolidating related actions, appointing him as lead plaintiff and approving Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") and Holzer Holzer & Fistel, LLC ("Holzer Holzer") as co-lead counsel.

Mr. Tonyaz is the "most adequate plaintiff," as defined by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), because, to the best of his knowledge, he has the largest financial interest of any moving class member or plaintiff who also satisfies the requirements of Fed. R. Civ. P. 23.[1] *See generally In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432 (S.D.N.Y. 2008) (appointing Mr. Tonyaz as lead plaintiff); *In re Warner Chilcott Sec. Litig.*, 2008 U.S. Dist. LEXIS 7613, at *6 (S.D.N.Y. Feb. 4, 2008) (appointing Coughlin Stoia as class counsel) (Pauley, J.).

**II.   FACTUAL BACKGROUND**

Defendant Agria engages in the research and development, production and sale of upstream agricultural products in the People's Republic of China. Agria offers corn seeds, sheep breeding products, and seedling products. It processes and packages corn seed products and sells them to

---

[1]    *See* Affidavit of David A. Rosenfeld in Support of Nijat Tonyaz's Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of Selection of Co-Lead Counsel ("Rosenfeld Aff."), Ex. A.

local and regional distributors. Agria conducts substantially all of its operations in China through its contractual arrangements with a consolidated affiliated entity, Primalights III Agriculture Development Co., Ltd. ("P3A"), and a wholly-owned subsidiary in China, Aero-Biotech Science & Technology Co., Ltd. ("Agria China").

P3A is a consolidated affiliate of the Company which conducts Agria's corn seed, sheep breeding and seedling businesses and holds the requisite licenses and permits for these businesses in China. P3A has four record shareholders: Ms. Juan Li, who is the wife of defendant Lai, and defendant Qian, who together hold 70% of the equity interests of P3A; and defendant Xue and Mr. Mingshe Zhang, who together hold the remaining 30% of the equity interests of P3A. Agria's relationship with P3A and its shareholders is governed by the contractual arrangements entered into between Agria's wholly-owned subsidiary in China and P3A and its shareholders.

On or about November 5, 2007, Agria filed with the Securities and Exchange Commission ("SEC") a Form F-1/A Registration Statement (the "Registration Statement"), for the IPO. On or about November 7, 2007, the Prospectus (the "Prospectus") with respect to the IPO, which forms part of the Registration Statement, became effective and 17,150,000 ADRs of Agria were sold to the public at $16.50 per ADR, thereby valuing the total size of the IPO at more than $282 million. 12,000,000 of the ADRs sold in the IPO were sold by Agria, while 5,150,000 of the ADRs were sold by Brothers Capital.

The Registration Statement and Prospectus contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading and were not prepared in accordance with the rules and regulations governing their preparation. In describing the corporate structure, the Prospectus explains how crucial P3A is to Agria's corn seed, sheep breeding and seedling businesses. The Prospectus stated in pertinent part as follows:

People's Republic of China ("PRC") law currently prohibits a foreign entity or person from owning over 50% of any seed development and production business in China. We conduct our corn seed, sheep breeding and seedling businesses through contractual agreements with our consolidated affiliated entity, P3A, which holds the requisite licenses and permits for these businesses. Our contractual arrangements with P3A and its shareholders enable us to:

- exercise effective control over P3A;

- receive substantially all of the earnings and other economic benefits from P3A to the extent permissible under PRC law in consideration for the services provided by Agria China; and

- have an exclusive option to purchase all or part of the equity interests in P3A in each case when and to the extent permitted by PRC law.  (Emphasis added).

The statements referenced above were inaccurate statements of material fact because Agria did not exercise effective control over P3A.  As referenced in its Prospectus, Agria essentially receives all its revenue from corn seeds, sheep breeding and seedlings, which are products that P3A provides.  Accordingly, P3A maintained substantial control over Agria and was in a position to demand additional compensation from Agria, at any point, in order to continue to maintain its relationship.

On February 25, 2008, Agria announced its expected revenue guidance for the fourth quarter of 2007 and full year of 2008.  In that regard, Agria expected revenue in the first quarter of 2008 to be approximately 15% above the first quarter of 2007, or approximately RMB 136 million (US$ 17.9 million).  Then, on April 7, 2008, after the close of the market, the Company issued a shocking press release entitled, "Zhixin (Frank) Xue Resigned as COO of Agria; Xue Will Remain Chairman of Primalights III Agriculture Development, Co., Ltd."  The Company announced the resignation of defendant Xue and the delay of the filing of its Annual Report.  As of the date of the filing of this Motion, Agria ADRs are trading at approximately $5.75 per share.

**III.    ARGUMENT**

    **A.    Mr. Tonyaz Is the "Most Adequate Plaintiff"**

The PSLRA establishes the procedure for the appointment of a lead plaintiff. 15 U.S.C. §77z(a)(1). First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §77z(a)(3)(A)(i). Here, notice was published on April 11, 2008, on *PRNewswire* in connection with the filing of the first-filed action. *See* Rosenfeld Aff., Ex. B. Within 60 days of publishing the notice, any person who is a member of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §77z(a)(3)(A)(i)(II), (B)(i).

Second, the PSLRA provides that within 90 days after publication of the notice the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member of the class that the court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §77z(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> > (aa) has either filed the complaint or made a motion in response to a notice . . . ;
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §77z(a)(3)(B)(iii)(I). The presumption afforded by the PSLRA can be rebutted by demonstrating that the presumptively most adequate plaintiff is subject to unique defenses that render such plaintiff incapable of adequately representing the class.[2] *Fuwei*, 247 F.R.D. at 437-38.

### 1. Mr. Tonyaz Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, Mr. Tonyaz purchased Agria ADRs and **lost over $987,000** in connection therewith. *See* Rosenfeld Aff., Ex. A. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest. 15 U.S.C. §77z(a)(3)(B).

### 2. Mr. Tonyaz Otherwise Satisfies Rule 23

A lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §77z(a)(3)(B)(iii)(I)(cc). Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Mr. Tonyaz satisfies this requirement because, just like all other class members, he: (1) purchased Agria ADRs during the Class Period; (2) purchased Agria ADRs in reliance upon the alleged materially false and misleading statements issued by defendants; and (3) suffered damages thereby. *See Fuwei*, 247 F.R.D. at 436. Thus, Mr. Tonyaz's claims are typical of those of other

---

[2] The time period in which class members may move to be appointed lead plaintiff in this case, under 15 U.S.C. §77z(a)(3)(A)-(B), expires June 10, 2008. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice, Mr. Tonyaz has timely moved this Court to be appointed lead plaintiff on behalf of all members of the class.

class members since his claims and the claims of other class members arise out of the same course of events. *See In re Crayfish Co. Sec. Litig.*, 2002 U.S. Dist. LEXIS 10134, at *14 (S.D.N.Y. 2002).

Under Fed. R. Civ. P. 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4) is met where: "(1) class counsel is 'qualified, experienced, and generally able to conduct the litigation;' and (2) class members do not have interests that are antagonistic to one another." *Babcock v. Computer Assocs. Int'l*, 212 F.R.D. 126, 131 (E.D.N.Y. 2003) (citation omitted). Here, Mr. Tonyaz is adequate because his interests are aligned with the interests of the class because he suffered from the artificial inflation of the price of Agria securities and would benefit from the same relief. *See Fuwei*, 247 F.R.D. at 438-39 (finding Mr. Tonyaz adequate under Rule 23). Furthermore, there is no evidence of antagonism between Mr. Tonyaz and the class as Mr. Tonyaz has certified to his willingness to serve as a representative of the class. Rosenfeld Aff., Ex. A.

### B. The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter [is] filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §77z(a)(3)(B)(ii); *Fuwei*, 247 F.R.D. at 435. To date, Mr. Tonyaz is aware of three related actions in this district against defendants:

| CASE NAME | CASE NO. | DATE FILED |
|---|---|---|
| *Lintz v. Agria Corp.* | 08-cv-03536 | April 11, 2008 |
| *LeBlanc v. Agria Corp.* | 08-cv-03886 | April 24, 2008 |
| *Lodermeier v. Agria Corp.* | 08-cv-04456 | May 13, 2008 |

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See id.* Consolidation is particularly appropriate in securities class action litigations such as this. *See id.* All of the actions relate to the

same series of false and misleading statements and arise under the Securities Act. Therefore, consolidation is appropriate. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990).

### C. The Court Should Approve Mr. Tonyaz's Selection of Coughlin Stoia and Holzer Holzer as Co-Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §77z(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §77z(a)(3)(B)(iii)(II)(aa). Because Mr. Tonyaz has selected and retained counsel experienced in litigating securities fraud class actions with the resources to prosecute this action to the greatest recovery possible for the class, his choice of lead counsel should be approved. *See* Rosenfeld Aff., Exs. C, D; *see also Warner Chilcott*, 2008 U.S. Dist. LEXIS 7613, at *6 (appointing Coughlin Stoia as class counsel).

## IV. CONCLUSION

For all the foregoing reasons, Mr. Tonyaz respectfully requests that the Court: consolidate the related actions, appoint him as Lead Plaintiff and approve his selection of Coughlin Stoia and Holzer Holzer to serve as Co-Lead Counsel.

DATED: June 10, 2008                    Respectfully submitted,

                                                                COUGHLIN STOIA GELLER
                                                                  RUDMAN & ROBBINS LLP
                                                               SAMUEL H. RUDMAN
                                                               DAVID A. ROSENFELD
                                                               MARIO ALBA JR.

                                                               s/ David A. Rosenfeld
                                                               DAVID A. ROSENFELD

        58 South Service Road, Suite 200
        Melville, NY  11747
        Telephone:  631/367-7100
        631/367-1173 (fax)

        COUGHLIN STOIA GELLER
          RUDMAN & ROBBINS LLP
        RAMZI ABADOU
        655 West Broadway, Suite 1900
        San Diego, CA  92101
        Telephone:  619/231-1058
        619/231-7423 (fax)

        HOLZER, HOLZER & FISTEL, LLC
        COREY D. HOLZER
        MICHAEL I. FISTEL, JR.
        1117 Perimeter Center West, Suite E-107
        Atlanta, GA  30338
        Telephone:  770/392-0090
        770/392-0029 (fax)

        [Proposed] Co-Lead Counsel for Plaintiffs

S:\CasesSD\Agria\BRF00051851-LP.doc

CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 10, 2008.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail: drosenfeld@csgrr.com

# Mailing Information for a Case 1:08-cv-03536-WHP

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jason Samuel Cowart**
  jscowart@pomlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
D. Seamus Kaskela
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Rd.
Radnor, PA 19087

Richard A. Maniskas
Schiffrin & Barroway L.L.P.
280 King of Prussia Road
Radnor, PA 19087

David M. Promisloff
Schiffrin, Barroway, Topaz, & Kessler, LLP
280 King of Prussia Road
Radnor, PA 19087
```