UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES LINTZ, Individually And On Behalf of All Others Similarly, Situated<br>　　　　Plaintiff,<br><br>v.<br><br>AGRIA CORPORATION, GUANGLIN LAI, KENNETH HUA HUANG, GARY KIM TING YEUNG, ZHAOHUA QIAN, ZHIXIN XUE, GEOFFREY DUYK, JASMINE MARRERO, CREDIT SUISSE SECURITIES (USA) LLC, HSBC SECURITIES (USA) INC., PIPER JAFFRAY & CO., CIBC WORLD MARKETS CORP., and BROTHERS CAPITAL LIMITED,<br><br>　　　　Defendants. | Case No. 1:08-CV-03536-WHP |

[Additional Captions on Next Page]

RESPONSE IN FURTHER SUPPORT OF THE MOTION BY
SENQUAN GAO AND MICHAEL LEWIS FORCONSOLIDATION
OF RELATED CLASS ACTION COMPLAINTS, APPOINTMENT
OF LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL

| | |
|---|---|
| Marc I. Gross<br>Jeremy A. Lieberman<br>Fei-Lu Qian<br>**POMERANTZ HAUDEK BLOCK**<br>**GROSSMAN & GROSS LLP**<br>100 Park Avenue<br>New York, New York 10017<br>Telephone:　(212) 661-1100<br>Facsimile:　(212) 661-8665 | Patrick V. Dahlstrom<br>**POMERANTZ HAUDEK BLOCK**<br>**GROSSMAN & GROSS LLP**<br>One North La Salle Street, Suite 2225<br>Chicago, Illinois 60602<br>Telephone:　(312) 377-1181<br>Facsimile:　(312) 377-1184 |

**Attorneys for Senquan Gao and Michael Lewis**

1

| | |
|---|---|
| JOSEPH R. LEBLANC, Individually And On Behalf of All Others Similarly, Situated<br>        Plaintiff,<br><br>v.<br><br>AGRIA CORPORATION, GUANGLIN LAI, KENNETH HUA HUANG, GARY KIM TING YEUNG, ZHAOHUA QIAN, ZHIXIN XUE, GEOFFREY DUYK, and BROTHERS CAPITAL LIMITED,<br><br>        Defendants. | Case No. 1:08-CV-03886-WHP |
| SANDY LODERMIER, Individually And On Behalf of All Others Similarly, Situated<br>        Plaintiff,<br><br>v.<br><br>AGRIA CORPORATION, GUANGLIN LAI, KENNETH HUA HUANG, GARY KIM TING YEUNG, ZHAOHUA QIAN, ZHIXIN XUE, GEOFFREY DUYK, TERRY MCCARTHY. JASMINE MARRERO, CREDIT SUISSE SECURITIES (USA) LLC, HSBC SECURITIES (USA) INC., PIPER JAFFRAY & CO., CIBC WORLD MARKETS CORP., and BROTHERS CAPITAL LIMITED,<br><br>        Defendants. | Case No. 1:08-CV-04456-WHP |

Proposed Lead Plaintiffs Senquan Gao ("Gao") and Michael Lewis ("Lewis") (collectively the "Movants") respectfully submit this memorandum of law in support of their motion for appointment as Lead Plaintiff and Lead Counsel.

2

## ARGUMENT

Motions are pending on behalf of two movants for appointment as lead plaintiff in this Action alleging federal securities violations on behalf of all public investors who purchased securities of Agria Corporation ("Agria") pursuant and/or traceable to the Company's initial public offering on or about November 6, 2007.

The movants and their *purported* losses are

| | |
|---|---|
| Senquan Gao & Michael Lewis | $82,340 |
| Nijat Tonyaz | $987,000 |

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see In re Donkenny, Inc. Sec. Litig.*, 171 F.R.D. 156, 157 (S.D.N.Y. 1997); *see also Taubenfeld v. Career Education Corp.*, No. 03 C 8884, 2004 WL 554810, at *1-*2 (N.D. Ill. Mar. 19, 2004).

The PSLRA further provides, however, that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). *See The Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 580 (N.D. Ill. 2005); *In re Bally Total Fitness Sec. Litigation*, No. 04 C 3530, 2005 WL 627960, at *5 (N.D. Ill. Mar. 15, 2005).

Here, Mr. Tonyaz is apparently the movant with the largest financial in this litigation. However, if the Court were to find that Mr. Tonyaz does not otherwise satisfy

the requirements of Rule 23, movants Gao and Lewis are ready, willing and able to serve as Lead Plaintiffs in this action.

## II.        THE MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFFS

Sections 27(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiffs in class actions brought under the Securities Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii).

As set forth below, the Movants satisfy all three of these criteria and, thus, are entitled to the presumption that they are the most adequate plaintiffs of the Class. Accordingly, Gao and Lewis should be appointed Lead Plaintiffs.

4

### A. Financial Interest

Although Gao and Lewis do not have the largest purported loss in this litigation, under the applicable standards for analyzing "financial interest," it does have a substantial financial interest in the outcome of this litigation. *See Lax v. First Merchants Acceptance Corp.,* No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997) (establishing the four Lax factors). *See also In re McKesson HBOC, Inc. Securities Litig.,* 97 F. Supp. 993 (N.D. Cal. 1999). Here, Gao (1) acquired 6,900 shares of Agria securities; (2) has retained all of his securities ; (3) spent $53,705 in his purchases of Agria securities; and (4) suffered a loss of $22,172. Lewis (1) acquired 10,816 shares of Agria securities; (2) has retained 3,000 of his shares; (3) spent $109,597 in his purchases of Agria shares; and (4) has suffered a loss of $60,168.  As such, movants have a substantial financial interest in this class action litigation.

### B. Rule 23 Typicality and Adequacy

The PSLRA requires that the movant with the largest financial interest in the litigation *also* satisfy the requirements of typicality and adequacy under Fed. R. Civ. P. 23.  There is no question that Gao and Lewis fulfill all of the requirements of Rule 23.

Gao and Lewis share substantially similar questions of law and fact with the members of the class, and its claims are typical of the members of the class. Movants are members of the class alleging that defendants violated the Exchange Act by publicly disseminating a series of false and/or misleading statements regarding Agria's financial condition during the Class Period. Movants, as did all of the member of the Class,

5

purchased Agria securities during the Class Period at prices artificially inflated by defendants' misrepresentations and omissions, and were damaged upon the disclosure of the filing of false financials. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the Class. Furthermore, movants are not aware of any unique defenses defendants could raise that would render them inadequate to represent the Class.

Accordingly, should the Court find that Tonyaz does not satisfy the typicality or adequacy elements of Rule 23, then Gao and Lewis should be appointed as Lead Plaintiff for the Class.

## CONCLUSION

For the foregoing reasons, Gao and Lewis respectfully request the Court their motion for appointment as Lead Plaintiff.

Dated: June 27, 2008

Respectfully submitted,

**POMERANTZ HAUDEK BLOCK GROSSMAN & GROSS LLP**

/s Marc I. Gross
Marc I. Gross
Jeremy A. Lieberman
Fei-Lu Qian
100 Park Avenue
New York, New York 10017
Telephone:   (212) 661-1100
Facsimile:    (212) 661-8665

**POMERANTZ HAUDEK BLOCK GROSSMAN & GROSS LLP**

6

Patrick V. Dahlstrom
One North La Salle Street
Suite 2225
Chicago, Illinois 60602
Telephone:    (312) 377-1181
Facsimile:    (312) 377-1184

**Attorneys for Senquan Gao and Michael Lewis**

Patrick V. Dahlstrom
One North La Salle Street
Suite 2225
Chicago, Illinois 60602
Telephone:    (312) 377-1181
Facsimile:    (312) 377-1184

**Attorneys for Senquan Gao and Michael Lewis**