UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------ x
In re AGRIA CORPORATION SECURITIES   :   Civil Action No. 1:08-cv-03536-WHP
LITIGATION                           :
                                     :   CLASS ACTION
------------------------------------ :
                                     :   ███████████ FINAL JUDGMENT AND
This Document Relates To:            :   ORDER OF DISMISSAL WITH PREJUDICE
                                     :
     ALL ACTIONS.                    :
                                     :
------------------------------------------ x
```

```
┌─────────────────────────────┐
│ USDC SDNY                    │
│ DOCUMENT                     │
│ ELECTRONICALLY FILED         │
│ DOC #:_____         │
│ DATE FILED: _6/7/11_         │
└─────────────────────────────┘
```

593258_2

This matter came before the Court on January 21, 2011 for hearing pursuant to the order of this Court, dated September 20, 2010, on the application of the Settling Parties for approval of the settlement set forth in the Stipulation of Settlement (the "Stipulation") dated August 6, 2010 (the "Settlement"). Due and adequate notice having been given to the Class as required in said order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      The Court, for purposes of this Final Judgment and Order of Dismissal with Prejudice (the "Judgment"), adopts the following defined terms:

(a)      "Authorized Claimant" means any member of the Class who submits a timely and valid Proof of Claim and Release form and whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

(b)      "Claims Administrator" means the firm of Gilardi & Co. LLC.

(c)      "Class" means all Persons who purchased Agria ADS pursuant and/or traceable to Agria's initial public offering during the Class Period and were damaged thereby. Excluded from the Class are:

(i)      Persons or entities who submit valid and timely requests for exclusion from the Class; and

(ii)      Defendants, members of the immediate family of any such Defendant, any entity in which a Defendant has or had a controlling interest, officers and directors of Agria during the Class Period, and legal representatives, agents, executors, heirs, successors or assigns of any such excluded Person.

593258_2

(d)     "Class Member" means a Person who falls within the definition of the Class as set forth above.

(e)     "Class Period" means the period commencing on or about November 6, 2007 through June 26, 2008, inclusive.

(f)     "Defendants" means Agria, Terry McCarthy, Jivran Zhao, Shangzhong Xu, Credit Suisse Securities (USA) LLC, HSBC Securities (USA) Inc., Piper Jaffray & Co., CIBC World Markets Corp., Brothers Capital Limited, Guanglin Lai, Kenneth Hua Huang, Gary Tim Ting Yeung, Zhaohua Qian, Zhixin Xue, and Geoffrey Duyk.

(g)     "Effective Date" means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

(h)     "Escrow Agent" means the Court Registry Investment System ("CRIS").

(i)     "Final" means when the last of the following with respect to this Judgment approving the Settlement, shall occur: (i) the expiration of the time to file a motion to alter or amend this Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal this Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an appeal is taken, the determination of that motion or appeal in such a manner as to permit the consummation of the Settlement, in accordance with the terms and conditions of the Stipulation.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal which concerns only the issue of attorneys' fees and expenses or any Plan of Distribution of the Settlement Fund.

-2-

(j)     "Judgment" means the judgment and order of dismissal with prejudice to be rendered by the Court upon approval of the Settlement.

(k)     "Lead Counsel" means Robbins Geller Rudman & Dowd LLP, David A. Rosenfeld, 58 South Service Road, Suite 200, Melville, NY 11747.

(l)     "Lead Plaintiff" means Nijat Tonyaz.

(m)     "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and his, her or its spouses, heirs, predecessors, successors, representatives, or assignees.

(n)     "Plaintiffs' Counsel" means any counsel who filed a complaint in the Action.

(o)     "Plan of Distribution," as further defined in §VIII of the Notice of Pendency and Proposed Settlement of Class Action, means a plan or formula of allocation of the Net Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the Settlement, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses and interest and other expenses as may be awarded by the Court. Any Plan of Distribution is not part of the Stipulation and the Released Persons shall have no responsibility or liability with respect thereto.

(p)     "Released Claims" means all claims, whether known or unknown (including, but not limited to, "Unknown Claims"), that were asserted or could have been asserted in this Action by Lead Plaintiff or members of the Class, directly, derivatively, or in any other capacity, against the Released Persons under federal or state law, including, without limitation, all claims arising out of, or relating to, in whole or in part, (i) the claims or facts and circumstances asserted in this Action,

- 3 -

and (ii) the purchase of Agria ADS pursuant and/or traceable to Agria's initial public offering during the Class Period.

(q)     "Released Persons" means each and all of the Defendants and each and all of their present or former parents, subsidiaries, affiliates (as defined in 17 C.F.R. §210.1-02(b)), successors and assigns, and each and all of the present or former officers, directors, employees, employers, attorneys, accountants, financial advisors, commercial bank lenders, insurers, investment bankers, representatives, general and limited partners and partnerships, heirs, executors, administrators, successors, affiliates, and assigns of each of them.

(r)     "Served Defendants" means Agria, the Underwriter Defendants, Terry McCarthy, and Geoffrey Duyk.

(s)     "Served Individual Defendants" means Terry McCarthy and Geoffrey Duyk.

(t)     "Settlement Fund" means Three Million Seven Hundred and Fifty Thousand Dollars ($3,750,000.00) in cash to be paid by means of check(s) or money order(s) to the Escrow Agent pursuant to ¶2.1 of the Stipulation together with all interest and income earned thereon.

(u)     "Settling Parties" means, collectively, the Served Defendants and the Lead Plaintiff on behalf of himself and the Class Members.

(v)     "Underwriter Defendants" means Credit Suisse Securities (USA) LLC, HSBC Securities (USA) Inc., Piper Jaffray & Co., and CIBC World Markets Corp.

(w)     "Unknown Claims" means any Released Claims which the Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement. With respect to any and all Released Claims, the Settling Parties

- 4 -

stipulate and agree that, upon the Effective Date, the Lead Plaintiff shall expressly and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, expressly waived to the fullest extent permitted by law the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Lead Plaintiff shall expressly and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Lead Plaintiff shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation of this Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

- 5 -

(x)     "Unserved Defendants" means Brothers Capital Limited, Jivran Zhao, Shangzhong Xu, Guanglin Lai, Kenneth Hua Huang, Gary Tim Ting Yeung, Zhaohua Qian, and Zhixin Xue.

(y)     Any capitalized term used herein and not defined should be construed consistent with the definitions set forth in the Stipulation.

2.     This Court has jurisdiction over the subject matter of the Action and over each of the Served Defendants in the Action, *i.e.*, Agria, the Underwriter Defendants, Terry McCarthy and Geoffrey Duyk, and all Class Members.

3.     Pursuant to Federal Rule of Civil Procedure 23:

(a)     the Court specifically finds that (1) the Class, as defined below, is so numerous that joinder of all members is impracticable, (ii) there are questions of law and fact common to the Class, (iii) the claims of the Lead Plaintiff are typical of the claims of the Class, and (iv) the Lead Plaintiff will fairly and adequately protect the interests of the Class;

(b)     the Court finds that Lead Plaintiff and Lead Counsel have adequately represented the interests of the Class with respect to the Action and the claims asserted thereto;

(c)     the Court finds that the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that the class action is superior to other available methods for the fair and efficient adjudication of the controversy; and

(d)     this Action is hereby certified as a class action on behalf of all Persons who purchased Agria American Depository Shares pursuant and/or traceable to Agria's initial public offering during the period on or about November 6, 2007 through June 26, 2008, inclusive (the "Class"). Excluded from the Class are: Defendants, members of the immediate family of any such

- 6 -

Defendant, any entity in which a Defendant has or had a controlling interest, officers and directors of Agria during the Class Period, and the legal representatives, agents, executors, heirs, successors or assigns of any such excluded Person. Also excluded from the Class are any putative Class Members who excluded themselves by submitting a request for exclusion in accordance with the requirements set forth in the Notice (*see* Exhibit 1 attached hereto).

4.      Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Class.

5.      The Court finds that the Stipulation and Settlement are fair, reasonable, and adequate as to each of the Class Members, and that the Stipulation and Settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

6.      Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as to the Lead Plaintiff and the other Class Members, as against each and all of the Released Persons. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

7.      Upon the Effective Date, the Lead Plaintiff and each of the Class Members who has not timely opted out of the Class shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Released Persons (whether or not such Class Members execute and deliver the Proof of Claim and Release forms) all Released Claims (including Unknown Claims) as well as any other claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.

- 7 -

8.     Upon the Effective Date, the Lead Plaintiff and each of the Class Members who has not timely opted out of the Class, and their predecessors, successors, agents, representatives, attorneys and affiliates, and the heirs, executors, administrators, successors and assigns of each of them, directly or indirectly, individually, derivatively, representatively, or in any other capacity, shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against all Released Persons, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including Unknown Claims), as well as any other claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.

9.     Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and all of the Lead Plaintiff, Class Members, and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims.

10.     The Notice of Pendency and Proposed Settlement of Class Action given to the Class, including the individual notice to all Class Members who could be identified through reasonable effort, was the best notice practicable under the circumstances. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

11.     The Plan of Distribution is approved as fair and reasonable, and the Claims Administrator is directed to administer the Settlement Fund in accordance with its terms.

- 8 -

593258_2

12.    While any portion of the Settlement Fund remains deposited in an interest bearing account with the CRIS, the Clerk of the Court is directed, in accordance with 28 U.S.C. §1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, to deduct from the income earned on the money in the Settlement Fund a fee equal to ten percent of the income earned on the money in the Settlement Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Clerk shall provide to Lead Counsel the monthly statement of interest earned by the Settlement Fund.

13.    The Claims Administrator is directed to administer the Settlement Fund in accordance with the terms of this order.

14.    Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons, or (c) is or may be deemed to be, or may be used as an admission, or evidence that any claims asserted by Lead Plaintiff were not valid or that the amount recoverable was not greater than the Settlement amount in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Persons may file the Stipulation and/or this Judgment from this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

- 9 -

15. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; and (c) the Settling Parties for the purpose of construing, enforcing, and administering the Stipulation.

16. The Court finds and concludes that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 as to any complaint, responsive pleading, or dispositive motion.

17. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Stipulation terminates according to its provisions, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, or this Judgment does not become Final, then this Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered and releases given in connection herewith shall be null and void, *nunc pro tunc*, except that (1) any modifications, reversal, or vacation of the award of attorneys' fees and expenses to Lead Counsel on appeal or in any further motions in this Court shall in no way disturb or affect any other part of this Judgment, and (2) any further proceedings, whether in this Court or on appeal, related to the Plan of Distribution, shall in no way disturb or affect any other part of this Judgment.

IT IS SO ORDERED.

DATED: June 7, 2011

_____
THE HONORABLE WILLIAM H. PAULEY III
UNITED STATES DISTRICT JUDGE

- 10 -



RECEIVED EC

NOV 0 8 2010

CLAIMS CENTER



*AGRIA-EXCL00001*

# Exclusion Cover Page

Case Name:  AGRIA Corporation

Case Code:  AGRIA

Exclusion Deadline:  1/7/11 (Postmark Date)

Name of Person Filing Exclusion:  Joe O Neill

Exhibit 1

11/4/10

Joe O'Neill

purchased    1100 shares  @ $5221.00    on June 26, 20c

Sold         1100 shares  @ $4492.05    on July 10, 20c

I wish to be excluded from the class

Joe O'Neill



Joe O'Neill

BREAST CANCER

USA First-Class

05. NOV. 2010PM 1 T

RECEIVED PR
NOV - 8 2010
CLAIMS CENTER

Agria Securities Litigation
Claims Administrator
c/o Gilardi + Co. LLC
Po Box 5100
Larkspur, CA 94977-5100

94977+5100





RECEIVED EC

NOV 0 9 2010

CLAIMS CENTE;.

# Exclusion Cover Page

Case Name:  AGRIA Corporation

Case Code:  AGRIA

Exclusion Deadline:  1/7/11 (Postmark Date)

Name of Person Filing Exclusion: Jamal Carver

I Jamal Carver wish to be excluded from the class.

My phone number is                         .  I bought

300 shares of Agria, GRO stock at 8.35 per share

on 2/26/2008 and 300 shares of GRO stock at

8.30 per share on 2/26/2008.  I sold 600 shares at

6.84 per share on 3/10/2008.  Once again, I wish

to be excluded from the class.

Thanks,

Sincerely

Jamal Carver

JAMAL CARVER

ADRIA SECURITIES LITIGATION CLAIMS ADMINISTRATOR
c/o Gilardi & Co. LLC
P.O. Box 5100
Larkspur, CA 94457

RECEIVED
NOV - 9 2010
CLAIMS CENTER

94977894100



RECEIVED EC

DEC 2 2 2010

CLAIMS CENTER

# Exclusion Cover Page

Case Name:  AGRIA Corporation

Case Code:  AGRIA

Exclusion Deadline:  1/7/11 (Postmark Date)

Name of Person Filing Exclusion:  Suryanarayana Gorthy

GRO.txt                                                                12/16/2010

Hi,

Please Exclude me from Civil Action No. 1:08-cv-03536-WHP.

Please find my details below.

Address:
-------

SURYANARAYANA GORTHY


Ph No:              (Cell)


*G. Suryanarayana*

Thanks,
Suryanarayana Gorthy.

1

GRO


**More broker for your money.**

SCOTTRADE, INC
5 PPG PLACE
FLOOR ONE
PITTSBURGH PA 15222

(412) 471-9910

SURYANARAYANA GORTHY

| | 37A |
|---|---|

| 04 / 01 / 2008 | 04 / 30 / 2008 |
|---|---|

Scottrade offers a wide variety of fixed income products including U.S. Government Bonds, Corporate and Municipal Bonds, CDs and much more. For more information, please visit Scottrade.com or contact your local Scottrade branch office.

| | VALUE THIS PERIOD |
|---|---|
| VALUE SECURITIES IN POSITION | 14,389.50 |
| MONEY BALANCES : | |
| ACCOUNT MONEY BALANCE | -6,500.16 |
| TOTAL MONEY BALANCE | -6,500.16 |
| **ACCOUNT TOTAL VALUE** | **7,889.34** |

| | |
|---|---|
| OPENING BALANCE | -7,131.55 |
| CREDITS: | |
| OTHER CREDITS | 157,432.50 |
| TOTAL CREDITS | 157,432.50 |
| DEBITS: | |
| OTHER DEBITS | -156,801.11 |
| TOTAL DEBITS | -156,801.11 |
| **CLOSING BALANCE** | **-6,500.16** |

| Type | Symbol / Cusip | Quantity | Description | Estimated Market Price | Value | % | Estimated Annual Income | Cur. Yld |
|---|---|---|---|---|---|---|---|---|
| MARGIN | MBI | 180 | MBIA INC. LAST DVD INFO:01/15/08 @ .340 | 10.40 | 1,872.00 | 13.01 | 244.80 | 13.1 |
| MARGIN | V | 150 | VISA INC CL A | 83.45 | 12,517.50 | 86.99 | | |
| | | | TOTAL | | 14,389.50 | 100% | | |

| Date | Transaction | Quantity | Description | Price | Amount | Balance |
|---|---|---|---|---|---|---|
| | | | OPENING BALANCE | | | -7,131.55 |
| 04/01/08 | SOLD | 1,160 | SOLARFUN POWER HOLDINGS (CHINA) SOLF *ADDL 15% MARG MAINT REQT* | 14.06 | 16,302.50 | 9,170.95 |
| 04/01/08 | BOUGHT | 10 | SOLARFUN POWER HOLDINGS (CHINA) SOLF *ADDL 15% MARG MAINT REQT* | 13.9899 | -146.90 | 9,024.05 |
| 04/01/08 | BOUGHT | 1,300 | SOLARFUN POWER HOLDINGS (CHINA) SOLF *ADDL 15% MARG MAINT REQT* | 13.99 | -18,187.00 | -9,162.95 |
| 04/03/08 | BOUGHT | 100 | AKEENA SOLAR AKNS | 7.58 | -765.00 | -9,927.95 |

| Date | Transaction | Quantity | Description | Price | Amount | Balance |
|------|-------------|----------|-------------|-------|--------|---------|
| | | | **OPENING BALANCE** | | | -7,131.55 |
| 04/03/08 | BOUGHT | 100 | AKEENA SOLAR AKNS | 7.59 | -759.00 | -10,686.95 |
| 04/03/08 | BOUGHT | 100 | AKEENA SOLAR AKNS | 7.59 | -759.00 | -11,445.95 |
| 04/03/08 | BOUGHT | 100 | AKEENA SOLAR AKNS | 7.59 | -759.00 | -12,204.95 |
| 04/03/08 | BOUGHT | 100 | AKEENA SOLAR AKNS | 7.60 | -760.00 | -12,964.95 |
| 04/03/08 | BOUGHT | 100 | AKEENA SOLAR AKNS | 7.60 | -760.00 | -13,724.95 |
| 04/03/08 | BOUGHT | 300 | AKEENA SOLAR AKNS | 7.62 | -2,286.00 | -16,010.95 |
| 04/03/08 | BOUGHT | 100 | AKEENA SOLAR AKNS | 7.62 | -762.00 | -16,772.95 |
| 04/03/08 | BOUGHT | 300 | AKEENA SOLAR AKNS | 7.63 | -2,289.00 | -19,061.95 |
| 04/03/08 | BOUGHT | 490 | AKEENA SOLAR AKNS | 7.63 | -3,738.70 | -22,800.65 |
| 04/03/08 | SOLD | 300 | SOLARFUN POWER HOLDINGS (CHINA) SOLF *ADDL 15% MARG MAINT REQT* | 12.14 | 3,634.97 | -19,165.68 |
| 04/03/08 | SOLD | 1,010 | SOLARFUN POWER HOLDINGS (CHINA) SOLF *ADDL 15% MARG MAINT REQT* | 12.13 | 12,251.23 | -6,914.45 |
| 04/07/08 | SOLD | 1,790 | AKEENA SOLAR AKNS | 8.0701 | 14,438.39 | 7,523.94 |
| 04/07/08 | BOUGHT | 200 | RETAIL VENTURES RVI | 4.98 | -1,003.00 | 6,520.94 |
| 04/07/08 | BOUGHT | 600 | RETAIL VENTURES RVI | 4.98 | -2,988.00 | 3,532.94 |
| 04/07/08 | BOUGHT | 600 | RETAIL VENTURES RVI | 4.98 | -2,988.00 | 544.94 |
| 04/07/08 | BOUGHT | 1,600 | RETAIL VENTURES RVI | 4.9799 | -7,967.84 | -7,422.90 |
| 04/08/08 | BOUGHT | 100 | EMCORE CORP EMKR | 6.82 | -689.00 | -8,111.90 |
| 04/08/08 | BOUGHT | 100 | EMCORE CORP EMKR | 6.82 | -682.00 | -8,793.90 |
| 04/08/08 | BOUGHT | 100 | EMCORE CORP EMKR | 6.82 | -682.00 | -9,475.90 |
| 04/08/08 | BOUGHT | 100 | EMCORE CORP EMKR | 6.82 | -682.00 | -10,157.90 |
| 04/08/08 | BOUGHT | 100 | EMCORE CORP EMKR | 6.82 | -682.00 | -10,839.90 |
| 04/08/08 | BOUGHT | 100 | EMCORE CORP EMKR | 6.82 | -682.00 | -11,521.90 |
| 04/08/08 | BOUGHT | 200 | EMCORE CORP EMKR | 6.82 | -1,364.00 | -12,885.90 |
| 04/08/08 | BOUGHT | 100 | EMCORE CORP EMKR | 6.82 | -682.00 | -13,567.90 |
| 04/08/08 | BOUGHT | 100 | EMCORE CORP EMKR | 6.82 | -682.00 | -14,249.90 |
| 04/08/08 | BOUGHT | 200 | EMCORE CORP EMKR | 6.82 | -1,364.00 | -15,613.90 |
| 04/08/08 | BOUGHT | 600 | EMCORE CORP EMKR | 6.82 | -4,092.00 | -19,705.90 |
| 04/08/08 | BOUGHT | 100 | EMCORE CORP EMKR | 6.82 | -682.00 | -20,387.90 |

| Date | Transaction | Quantity | Description | Price | Amount | Balance |
|------|-------------|----------|-------------|-------|--------|---------|
| | | | OPENING BALANCE | | | -7,131.55 |
| 04/08/08 | BOUGHT | 100 | EMCORE CORP EMKR | 6.82 | -682.00 | -21,069.90 |
| 04/08/08 | SOLD | 300 | RETAIL VENTURES RVI | 4.78 | 1,426.99 | -19,642.91 |
| 04/08/08 | SOLD | 100 | RETAIL VENTURES RVI | 4.78 | 477.99 | -19,164.92 |
| 04/08/08 | SOLD | 100 | RETAIL VENTURES RVI | 4.78 | 477.99 | -18,686.93 |
| 04/08/08 | SOLD | 1,582 | RETAIL VENTURES RVI | 4.77 | 7,539.09 | -11,147.84 |
| 04/08/08 | SOLD | 918 | RETAIL VENTURES RVI | 4.76 | 4,362.65 | -6,785.19 |
| 04/09/08 | SOLD | 2,000 | EMCORE CORP EMKR | 6.8301 | 13,653.12 | 6,867.93 |
| 04/09/08 | BOUGHT | 1,285 | EVERGREEN SOLAR INC ESLR | 10.616 | -13,648.56 | -6,780.63 |
| 04/10/08 | BOUGHT | 60 | EVERGREEN SOLAR INC ESLR | 10.87 | -659.20 | -7,439.83 |
| 04/11/08 | BOUGHT | 245 | AGRIA CORP SPONSORED ADR (CHN) GRO DEP FEE .02 PER SHR ANNL | 5.56 | -1,389.20 | -8,829.03 |
| 04/11/08 | BOUGHT | 75 | AGRIA CORP SPONSORED ADR (CHN) GRO DEP FEE .02 PER SHR ANNL | 5.56 | -417.00 | -9,246.03 |
| 04/11/08 | BOUGHT | 850 | AGRIA CORP SPONSORED ADR (CHN) GRO DEP FEE .02 PER SHR ANNL | 5.556 | -4,722.60 | -13,968.63 |
| 04/11/08 | BOUGHT | 400 | AGRIA CORP SPONSORED ADR (CHN) GRO DEP FEE .02 PER SHR ANNL | 5.646 | -2,285.40 | -16,254.03 |
| 04/11/08 | BOUGHT | 100 | AGRIA CORP SPONSORED ADR (CHN) GRO DEP FEE .02 PER SHR ANNL | 5.646 | -564.60 | -16,818.63 |
| 04/11/08 | BOUGHT | 900 | AGRIA CORP SPONSORED ADR (CHN) GRO DEP FEE .02 PER SHR ANNL | 5.642 | -5,077.80 | -21,896.43 |
| 04/11/08 | SOLD | 600 | EVERGREEN SOLAR INC ESLR | 11.042 | 6,618.16 | -15,278.27 |
| 04/11/08 | SOLD | 745 | EVERGREEN SOLAR INC ESLR | 11.152 | 8,301.19 | -6,977.08 |
| 04/14/08 | ADJUSTMENT | | MONEY DIRECT DEPOSIT | | 4,000.00 | -2,977.08 |
| 04/18/08 | SOLD | 1,200 | AGRIA CORP SPONSORED ADR (CHN) GRO DEP FEE .02 PER SHR ANNL | 3.90 | 4,672.97 | 1,695.89 |
| 04/18/08 | SOLD | 1,000 | AGRIA CORP SPONSORED ADR (CHN) GRO DEP FEE .02 PER SHR ANNL | 3.90 | 3,899.97 | 5,595.86 |
| 04/18/08 | SOLD | 370 | AGRIA CORP SPONSORED ADR (CHN) GRO DEP FEE .02 PER SHR ANNL | 3.88 | 1,435.59 | 7,031.45 |
| 04/18/08 | BOUGHT | 1,100 | FIRST MARBLEHEAD CORP FMD | 4.0999 | -4,516.89 | 2,514.56 |
| 04/18/08 | BOUGHT | 1,400 | FIRST MARBLEHEAD CORP FMD | 4.0999 | -5,739.86 | -3,225.30 |
| 04/21/08 | BOUGHT | 1,500 | AGRIA CORP SPONSORED ADR (CHN) GRO DEP FEE .02 PER SHR ANNL | 4.4999 | -6,756.85 | -9,982.15 |
| 04/21/08 | BOUGHT | 500 | AGRIA CORP SPONSORED ADR (CHN) GRO DEP FEE .02 PER SHR ANNL | 4.4999 | -2,249.95 | -12,232.10 |
| 04/21/08 | SOLD | 2,500 | FIRST MARBLEHEAD CORP FMD | 3.9701 | 9,918.19 | -2,313.91 |

| Date | Transaction | Quantity | Description | Price | Amount | Balance |
|---|---|---|---|---|---|---|
| | | | **OPENING BALANCE** | | | -7,131.55 |
| 04/22/08 | SOLD | 2,000 | AGRIA CORP SPONSORED ADR (CHN) GRO DEP FEE .02 PER SHR ANNL | 4.85 | 9,692.94 | 7,379.03 |
| 04/22/08 | BOUGHT | 100 | AGRIA CORP SPONSORED ADR (CHN) GRO DEP FEE .02 PER SHR ANNL | 4.87 | -494.00 | 6,885.03 |
| 04/22/08 | BOUGHT | 100 | AGRIA CORP SPONSORED ADR (CHN) GRO DEP FEE .02 PER SHR ANNL | 4.87 | -487.00 | 6,398.03 |
| 04/22/08 | BOUGHT | 100 | AGRIA CORP SPONSORED ADR (CHN) GRO DEP FEE .02 PER SHR ANNL | 4.89 | -489.00 | 5,909.03 |
| 04/22/08 | BOUGHT | 100 | AGRIA CORP SPONSORED ADR (CHN) GRO DEP FEE .02 PER SHR ANNL | 4.89 | -489.00 | 5,420.03 |
| 04/22/08 | BOUGHT | 800 | AGRIA CORP SPONSORED ADR (CHN) GRO DEP FEE .02 PER SHR ANNL | 4.89 | -3,912.00 | 1,508.03 |
| 04/22/08 | BOUGHT | 400 | AGRIA CORP SPONSORED ADR (CHN) GRO DEP FEE .02 PER SHR ANNL | 4.89 | -1,956.00 | -447.97 |
| 04/22/08 | BOUGHT | 300 | AGRIA CORP SPONSORED ADR (CHN) GRO DEP FEE .02 PER SHR ANNL | 4.88 | -1,464.00 | -1,911.97 |
| 04/22/08 | BOUGHT | 1,100 | AGRIA CORP SPONSORED ADR (CHN) GRO DEP FEE .02 PER SHR ANNL | 4.89 | -5,379.00 | -7,290.97 |
| 04/28/08 | SOLD | 3,000 | AGRIA CORP SPONSORED ADR (CHN) GRO DEP FEE .02 PER SHR ANNL | 4.3101 | 12,923.22 | 5,632.25 |
| 04/28/08 | BOUGHT | 200 | AGRIA CORP SPONSORED ADR (CHN) GRO DEP FEE .02 PER SHR ANNL | 4.30 | -867.00 | 4,765.25 |
| 04/28/08 | BOUGHT | 1,100 | MBIA INC. MBI | 9.3874 | -10,333.14 | -5,567.89 |
| 04/29/08 | SOLD | 100 | AGRIA CORP SPONSORED ADR (CHN) GRO DEP FEE .02 PER SHR ANNL | 4.28 | 420.99 | -5,146.90 |
| 04/29/08 | SOLD | 100 | AGRIA CORP SPONSORED ADR (CHN) GRO DEP FEE .02 PER SHR ANNL | 4.26 | 425.99 | -4,720.91 |
| 04/29/08 | BOUGHT | 200 | MBIA INC. MBI | 8.8274 | -1,772.48 | -6,493.39 |
| 04/29/08 | BOUGHT | 210 | MBIA INC. MBI | 8.6948 | -1,832.91 | -8,326.30 |
| 04/29/08 | BOUGHT | 70 | MBIA INC. MBI | 8.52 | -603.40 | -8,929.70 |
| 04/30/08 | SOLD | 300 | DELTA AIR LINES INC DEL COM DAL | 7.1617 | 2,141.49 | -6,788.21 |
| 04/30/08 | BOUGHT | 300 | DELTA AIR LINES INC DEL COM DAL | 7.1362 | -2,147.86 | -8,936.07 |
| 04/30/08 | SOLD | 1,500 | MBIA INC. MBI | 9.80 | 14,692.91 | 5,756.84 |
| 04/30/08 | SOLD | 100 | MBIA INC. MBI | 9.80 | 979.99 | 6,736.83 |
| 04/30/08 | SOLD | 280 | MBIA INC. MBI | 9.80 | 2,743.98 | 9,480.81 |
| 04/30/08 | BOUGHT | 220 | MBIA INC. MBI | 9.6848 | -2,137.66 | 7,343.15 |
| 04/30/08 | BOUGHT | 80 | MBIA INC. MBI | 9.68 | -781.40 | 6,561.75 |
| 04/30/08 | BOUGHT | 180 | MBIA INC. MBI | 9.815 | -1,773.70 | 4,788.05 |



| Date | Transaction | Quantity | Description | Price | Amount | Balance |
|------|-------------|----------|-------------|-------|--------|---------|
| | | | OPENING BALANCE | | | -7,131.55 |
| 04/30/08 | BOUGHT | 100 | VISA INC CL A<br>V | 74.91 | -7,498.00 | -2,709.95 |
| 04/30/08 | BOUGHT | 50 | VISA INC CL A<br>V | 74.91 | -3,745.50 | -6,455.45 |
| 04/30/08 | MARGIN INTEREST | | MGN INT 30 DAYS @ 8 3/4%<br>AVG DEBIT BALANCE<br>6,131.35 | | -44.71 | -6,500.16 |
| | | | CLOSING BALANCE | | | -6,500.16 |

| Type | Date | Transaction | Quantity | Description | Price | Amount |
|------|------|-------------|----------|-------------|-------|--------|
| MARGIN | 05/01/08 | BOUGHT | 75 | INTREPID POTASH INC COM | 51.72 | -3,886.00 |
| MARGIN | 05/01/08 | BOUGHT | 26 | INTREPID POTASH INC COM | 50.20 | -1,312.20 |
| MARGIN | 05/01/08 | BOUGHT | 48 | INTREPID POTASH INC COM | 49.84 | -2,399.32 |
| MARGIN | 05/01/08 | SOLD | 149 | INTREPID POTASH INC COM | 49.95 | 7,435.50 |
| MARGIN | 05/01/08 | BOUGHT | 705 | MBIA INC. | 10.2548 | -7,236.63 |
| MARGIN | 05/01/08 | BOUGHT | 170 | MBIA INC. | 10.2374 | -1,747.36 |
| MARGIN | 05/01/08 | SOLD | 180 | MBIA INC. | 9.84 | 1,764.19 |
| MARGIN | 05/01/08 | BOUGHT | 100 | VISA INC CL A | 76.5599 | -7,662.99 |
| MARGIN | 05/01/08 | SOLD | 150 | VISA INC CL A | 75.0901 | 11,256.45 |
| MARGIN | 05/05/08 | BOUGHT | 210 | MBIA INC. | 10.7248 | -2,259.21 |
| MARGIN | 05/05/08 | BOUGHT | 60 | MBIA INC. | 10.63 | -644.80 |

SURYANARAYANA GORTHY



Agria Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 5100
Larkspur, CA  94977-5100

RECEIVED
DEC 2 2 2010
CLAIMS CENTER

AGRIA