UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x
In re AGRIA CORPORATION SECURITIES : Civil Action No. 1:08-cv-03536-WHP
LITIGATION :
                                   : <u>CLASS ACTION</u>
                                   :
This Document Relates To:          : LEAD PLAINTIFF'S MEMORANDUM OF
                                   : LAW IN SUPPORT OF MOTION FOR
    ALL ACTIONS.                   : CLASS DISTRIBUTION ORDER
                                   :
———————————————————————— x

667888_1

## TABLE OF CONTENTS

Page

I. BACKGROUND ................................................................................................2

II. CLAIMS ADMINISTRATION ........................................................................3

III. FEES AND EXPENSES OF CLAIMS ADMINISTRATOR AND TAX
ACCOUNTANT ..................................................................................................5

IV. DISTRIBUTION OF NET SETTLEMENT FUND ..........................................6

V. DISPOSITION OF ANY UNCLAIMED/UNCASHED BALANCE ................6

VI. THE ORDER FOR DISTRIBUTION OF THE NET SETTLEMENT FUND
SHOULD BE APPROVED ................................................................................7

VII. CONCLUSION ..................................................................................................8

Page

I. BACKGROUND ................................................................................................2

II. CLAIMS ADMINISTRATION ........................................................................3

III. FEES AND EXPENSES OF CLAIMS ADMINISTRATOR AND TAX
ACCOUNTANT ..................................................................................................5

IV. DISTRIBUTION OF NET SETTLEMENT FUND ..........................................6

V. DISPOSITION OF ANY UNCLAIMED/UNCASHED BALANCE ................6

VI. THE ORDER FOR DISTRIBUTION OF THE NET SETTLEMENT FUND
SHOULD BE APPROVED ................................................................................7

VII. CONCLUSION ..................................................................................................8

Lead Plaintiff Nijat Tonyaz (the "Lead Plaintiff") on behalf of the Class, through court-appointed Lead Counsel, Robbins Geller Rudman & Dowd LLP, respectfully moves the Court for an order: (i) approving the administrative determinations of Claims Administrator, Gilardi & Co. LLC ("Gilardi"), accepting and rejecting claims submitted herein; (ii) authorizing payment to Gilardi of $48,478.69, for the balance of its fees and expenses incurred and to be incurred in connection with the services performed and to be performed in giving notice to the Class, processing submitted Proofs of Claim, and administering and distributing the Settlement Fund, which fees and expenses will total $144,874.20; (iii) directing distribution of the Net Settlement Fund, after deduction of the payments requested herein, to Class Members whose Proofs of Claim have been accepted and who would receive at least $10.00; (iv) authorizing destruction of paper copies of Proof of Claim forms one year after distribution of the Net Settlement Fund, and authorizing destruction of electronic copies of claim records three years after distribution of the Net Settlement Fund; and (v) for such other and further relief as this Court deems appropriate.

This action was settled for a cash settlement fund of $3,750,000 pursuant to the Stipulation of Settlement dated August 6, 2010 (the "Stipulation"). By Final Judgment and Order of Dismissal with Prejudice dated June 7, 2011 (the "Final Order"), this Court approved the Settlement and directed the parties to consummate the Stipulation in accordance with its terms and provisions. Paragraph 5.1 of the Stipulation provides that the "Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall provide notice of the Settlement to the Class, shall administer and calculate the claims submitted by Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants." This motion seeks the Court's approval of the Claims Administrator's administrative determinations concerning the acceptance and rejection of claims submitted herein, and authorization of the

667888_1

distribution of the Net Settlement Fund (net of the attorneys' fees and expenses previously awarded and the fees and expenses of the administration of the Settlement) to Authorized Claimants.

This motion is ministerial in nature, involving the mechanics of distribution of the Net Settlement Fund to the Class. The "Effective Date" has occurred and upon approval of this motion the settlement proceeds may be distributed to the members of the Class.

## I.   BACKGROUND

On August 6, 2010, Lead Plaintiff and Served Defendants Agria Corporation ("Agria"), Terry McCarthy, Geoffrey Duyk, and the Underwriter Defendants Credit Suisse Securities (USA) LLC, HSBC Securities (USA) Inc., Piper Jaffray & Co., and CIBC World Markets Corp. entered into the Stipulation. The Stipulation provided for the settlement of this action on behalf of a Class consisting of all Persons who purchased Agria ADS pursuant and/or traceable to Agria's initial public offering during the period between November 6, 2007 and June 26, 2008, inclusive, and were damaged thereby.

A Notice of Pendency and Proposed Settlement of Class Action ("Notice") was mailed to all Class Members pursuant to the Court's Order dated September 20, 2010 (the "Preliminary Order").

Pursuant to the Court's Preliminary Order, Lead Counsel retained Gilardi, a firm specializing in the administration of class action settlements located in San Rafael, California, to print and mail copies of the Notice and a Proof of Claim form to the members of the Class, to process the Proof of Claim forms submitted by Class Members, and to effectuate distribution of the Net Settlement Fund to the Class Members who submitted acceptable Proofs of Claim.

On January 21, 2011, the Court held a hearing to consider the proposed Settlement, following which hearing the Court approved the proposed Settlement as fair, reasonable and adequate, and on June 7, 2011, the Court entered the Final Order which dismissed this action as against the Served

Defendants, and directed the parties to consummate the Stipulation in accordance with its terms and provisions.

## II.   CLAIMS ADMINISTRATION

Under the terms of the Stipulation, a $3,750,000 Settlement Fund was established for the settlement of the Released Claims asserted against the Served Defendants and the Underwriter Defendants. Pursuant to the Stipulation and the Notice, all Class Members wishing to participate in the Net Settlement Fund were required to submit Proofs of Claims by mail, postmarked on or before January 14, 2011. As demonstrated by the accompanying Affidavit of Lara McDermott of Gilardi & Co. LLC in Support of Motion of (Class Distribution Order) (the "McDermott Affidavit"), Gilardi received and reviewed all submitted claims and, to the extent that a claim was deficient in any regard, Gilardi notified the claimant of the deficiency and advised the claimant as to the possible ways to cure the deficiency. Where a claimant failed to cure a defective claim after notice, or where the claim showed that the claimant was not entitled to receive a share of the Net Settlement Fund, Gilardi notified the claimant of the rejection of the claim and provided the claimant with notice of the method for the claimant to request this Court's review of Gilardi's administrative determination rejecting the claim. Copies of sample deficiency and rejection letters are attached as Exhibits A and B to the McDermott Affidavit.

As detailed in the McDermott Affidavit, all rejection and deficiency letters specifically provided that a claimant had the right, within twenty (20) days after the mailing of the letter, to contest the rejection or deficiency, and/or to attempt to cure such deficiencies and request a hearing before the Court. No claimants have outstanding requests for this Court's review of the rejection of their claims.

Approximately 74 claims were received after the January 14, 2011 submission deadline. No claim has been rejected because it was received after the initial submission deadline and we believe no delay has resulted from the acceptance of these claims. It is our belief that when the equities are balanced, it would be unfair to prevent an otherwise valid claim from participating in the Net Settlement Fund solely because it was submitted after the cut-off date, but while the claims were still being processed. Accordingly, it is respectfully requested that this Court approve the administrative determination not to reject claims submitted after the January 14, 2011 deadline because of lateness. *See, e.g., In re Stock Exchanges Options Trading Antitrust Litig.*, No. 99 Civ. 0962(RCC), 2006 WL 3498590, at *13 (S.D.N.Y. Dec. 4, 2006). "[A] district court overseeing [a] settlement distribution has inherent power to accept late claims despite [the ] contrary terms of [an] agreement" among the parties. *In re "Agent Orange" Prod. Liab. Litig.*, 821 F.2d 139, 145 (2d Cir. 1987) (describing the holding of *Zients v. LaMorte*, 459 F.2d 628 (2d Cir. 1972)).

However, there must be a final cut-off date after which no more claims may be accepted in order that there may be a proportional distribution of the Net Settlement Fund. Acceptance of any claim received after preparation of this application would necessarily require a delay in the distribution. Accordingly, it is also respectfully requested that this Court enter an order directing that no claim submitted after November 16, 2011, a date during the preparation of this application, be accepted for any reason whatsoever. *See In re Orthopedic Bone Screw Prods. Liab. Litig.*, 246 F.3d 315, 329 (3d Cir. 2001) ("'[T]here is no question that in the distribution of a large class action settlement fund, "a cutoff date is essential and at some point the matter must be terminated."'") (citations omitted); *see also See In re Oxford Health Plans, Inc.*, 383 F. Appx. 43, 44 (2d Cir. 2010) ("The district court had previously rejected all so-called 'late-submitted claims' to the settlement.").

It is respectfully requested that the Court approve the administrative determinations accepting and rejecting claims as set forth herein.

## III. FEES AND EXPENSES OF CLAIMS ADMINISTRATOR AND TAX ACCOUNTANT

Pursuant to the Stipulation, and as described to members of the Class in the Notice, Lead Plaintiff reserved the right to apply for a supplemental award of fees and expenses incurred in connection with the administration and distribution of the Settlement. In addition, in its Final Order, this Court retained "continuing jurisdiction over (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; and (c) the Settling Parties for the purpose of construing, enforcing, and administering the Stipulation."

The persons who provide professional and other services in order to administer and distribute a common fund are normally compensated for their time and expenses in providing those services. *See, e.g.*, 4 Alba Conte and Herbert B. Newberg, *Newberg on Class Actions* § 11.40, at 86-87 (4th ed. 2002) ("The administration costs normally include the cost of settlement notice, the cost of distribution to the class, and any fees that are payable to a special master or counsel in connection with the administration.").

In accordance with Gilardi's agreement with Lead Counsel to act as the Claims Administrator herein, Gilardi was responsible for mailing notice to the Class, processing the claims, and distributing the Net Settlement Fund to accepted claimants. As set forth in the McDermott Affidavit, Gilardi's fees and expenses for its work on behalf of the Class total $144,874.20. Gilardi has been paid $96,395.51 in interim payments. At this time there is a balance due to Gilardi of $48,478.69 and Lead Counsel respectfully request that the Court direct and authorize the payment of this balance.

667888_1

In addition, Co-Lead Counsel respectfully request that $5,000.00 be reserved to pay the anticipated tax return preparation fees of Damasco & Associates LLP.

## IV.     DISTRIBUTION OF NET SETTLEMENT FUND

It is also respectfully requested that the Court enter an order directing and authorizing distribution of the balance of the Settlement Fund after the deduction of the fees and expenses previously awarded and requested herein (the "Net Settlement Fund") to the Class Members whose claims have been accepted as set forth on the list of accepted claims submitted with the McDermott Affidavit in proportion to their Recognized Claims as shown therein. *See* McDermott Affidavit, Ex. C(1).

In order to allow the full and final distribution of the Net Settlement Fund, it is necessary to bar any further claims against the Net Settlement Fund and to provide that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, be released and discharged from any and all claims arising out of such involvement beyond the amount allocated to them. Accordingly, it is respectfully requested that the Court bar any further claims against the Net Settlement Fund and release and discharge from any and all claims beyond the amount allocated to them arising out of the claims administration, all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration of the Settlement Fund or the Net Settlement Fund.

## V.     DISPOSITION OF ANY UNCLAIMED/UNCASHED BALANCE

It may be expected that not all of the payments to be distributed to accepted Class Members will be cashed promptly. In order to encourage Class Members to promptly cash their distributions

and to avoid or reduce future expenses relating to unpaid distributions, we propose that all the distribution drafts bear a notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION TO OTHERS IF NOT CASHED BY [DATE 180 DAYS AFTER ISSUE DATE]."

The Plan of Distribution of the Net Settlement Fund set forth in the Notice and approved by this Court provides that any balance that may remain in the Net Settlement Fund six months after the initial distribution, whether by reason of returned funds, tax refunds, interest, un-cashed drafts, or otherwise, shall be distributed as provided for by order of the Court.

The proposed Class Distribution Order requests such a distribution of any residue of the Net Settlement Fund, if such redistribution is economically feasible.

## VI. THE ORDER FOR DISTRIBUTION OF THE NET SETTLEMENT FUND SHOULD BE APPROVED

Lead Plaintiff submits that the work performed by Gilardi, as explained above, was conducted fairly and in accordance with the terms and provisions of the Stipulation. Accordingly, Lead Plaintiff has moved for an order: (i) approving the administrative determinations of Gilardi accepting and rejecting claims submitted herein; (ii) directing payment to Gilardi of $48,478.69 for the balance of its fees and expenses incurred and to be incurred in connection with the administration and distribution of the Settlement Fund; (iii) directing distribution of the Net Settlement Fund, after deduction of the payments requested herein, to Class Members whose Proofs of Claim have been accepted; and (iv) authorizing destruction of paper copies of Proof of Claim forms one year after distribution of the Net Settlement Fund, and authorizing destruction of electronic copies of claim records three years after distribution of the Net Settlement Fund.

## VII.   CONCLUSION

Lead Plaintiff's Motion for Class Distribution Order should be approved.

DATED: December 20, 2011

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
ERIN W. BOARDMAN
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
eboardman@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
ELLEN GUSIKOFF STEWART

s/ Ellen Gusikoff Stewart
ELLEN GUSIKOFF STEWART

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
elleng@rgrdlaw.com

Lead Counsel for Plaintiff

HOLZER, HOLZER & FISTEL, LLC
COREY D. HOLZER
MICHAEL I. FISTEL, JR.
200 Ashford Center North, Suite 300
Atlanta, GA 30338
Telephone: 770/392-0090
770/392-0029 (fax)

667888_1

DYER & BERENS LLP
ROBERT J. DYER III
JEFFREY A. BERENS
303 East 17th Avenue, Suite 300
Denver, CO  80203
Telephone:  303/861-1764
303/395-0393 (fax)

Additional Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 20, 2011.

s/ Ellen Gusikoff Stewart
ELLEN GUSIKOFF STEWART

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: elleng@rgrdlaw.com

# Mailing Information for a Case 1:08-cv-03536-WHP

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey A. Berens**
  jeff@dyerberens.com

- **Larry Byrne**
  larry.byrne@linklaters.com

- **Jarrett Scott Charo**
  jcharo@rgrdlaw.com

- **Jason Samuel Cowart**
  jscowart@pomlaw.com

- **Marshall Pierce Dees**
  mdees@holzerlaw.com

- **James Farrell**
  james.farrell@lw.com

- **Michael Ira Fistel , Jr**
  mfistel@holzerlaw.com,cyoung@holzerlaw.com,cmoore@holzerlaw.com

- **Wendy Peterson Harper**
  wendy.harper@lw.com,larry.carlson@lw.com,james.farrell@lw.com

- **Paul Stephen Hessler**
  paul.hessler@linklaters.com

- **D. Seamus Kaskela**
  skaskela@ktmc.com

- **Fei-Lu Qian**
  flqian@pomlaw.com

- **A. Hyun Rich**
  ally.rich@linklaters.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com

- **Ellen Anne Gusikoff Stewart**

elleng@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Robert J. Dyer**, III
Dyer & Berens L.L.P. (CO)
303 East 17th, Avenue
Suite 300
Denver, CO 80203

**Corey D. Holzer**
Holzer Holzer & Cannon LLC
1117 Perimeter Center West
E-107
Atlanta, GA 30338

**Richard A. Maniskas**
Schiffrin & Barroway L.L.P.
280 King of Prussia Road
Radnor, PA 19087

**David M. Promisloff**
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087

**Ellen Gusihoff Stewart**
Robbins Geller Rudman & Dowd LLP (San Diego)
655 West Broadway
Suite 1900
San Diego, CA 92101